UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JTH TAX, INC.,
d/b/a Liberty Tax Service,

    Plaintiff,

v.                                                                   Action No. 2:15cv558

CHARLES HINES,

    Defendant.

**UNITED STATES MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

This matter is before the Court on a motion for default judgment, filed on October 13, 2016, by plaintiff JTH Tax, Inc., doing business as Liberty Tax Service ("Liberty"), against defendant Charles Hines ("Hines"). ECF No. 35. Liberty's motion was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. ECF No. 43. For the reasons that follow, the Court recommends that Liberty's motion for default judgment be **DENIED** and that the entry of default against Hines be **SET ASIDE**.

### I. PROCEDURAL HISTORY

On December 23, 2015, Liberty filed this action against Hines alleging breach of franchise agreements, trademark infringement, past due accounts receivable, and breach of promissory notes. ECF No. 1. Following two extensions of time to file a responsive pleading,

ECF Nos. 5, 10, Hines filed a motion to dismiss and motion for change of venue, ECF Nos. 14, 15, which the Court denied on September 1, 2016. ECF No. 31. Hines failed to file a responsive pleading within 14 days after notice of the denial of the motions to dismiss and change venue, as required by Federal Rule of Civil Procedure 12(a)(4)(A). As a result, on September 26, 2016, the clerk's office entered a notice to counsel, with a copy mailed to Hines, requesting that counsel file a status report within 15 days. The notice further advised that "[a] party seeking [a] reasonable extension of time to respond to the complaint must obtain court approval by filing an appropriate motion with a proposed order."

At Liberty's request (ECF No. 32), the Clerk noted an entry of default as to Hines pursuant to Federal Rule of Civil Procedure 55(a) on September 30, 2016. Liberty filed a status report on October 3, 2016, indicating an intention to file a motion for default judgment. ECF No. 33. On October 7, 2016, Hines filed a motion requesting an extension of time, to October 11, 2016, to file his answer and counterclaim. ECF No. 34. Hines indicated that he believed the answer and counterclaim were due on October 11, 2016, 15 days after the clerk's notice to counsel. *Id.*

On October 13, 2016, Liberty filed a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) "[b]ecause defendant has failed to plead or otherwise defend this action." ECF Nos. 35, 36. On October 27, 2016, the Court granted Hines' motion for extension of time and ordered Hines to file a responsive pleading no later than November 10, 2016, and to file a motion to lift the entry of default, explaining good cause for lifting the entry of default pursuant to Federal Rule of Civil Procedure 55(c), no later than November 10, 2016. ECF No. 37. On October 28, 2016, Hines filed an opposition to Liberty's motion for default

2

judgment. ECF No. 38.[1] On November 10, 2016, Hines filed an answer to the complaint. ECF No. 41.[2]

## II. STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure requires an entry of default against a defendant who "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After the entry of default, if plaintiff's claim is not "for a sum certain or a sum that can be made certain by computation," Rule 55(b)(2) requires plaintiff to "apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Rule 55(b)(2) further provides that, prior to entering default judgment, the court may hold a hearing to "conduct an accounting," "determine the amount of damages," "establish the truth of any allegation by evidence," or "investigate any other matter." Fed. R. Civ. P. 55(b)(2).

Rule 55(c) permits the court to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The Fourth Circuit has advised that, to determine whether to set aside an entry of default,

> a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

*Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (citing *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006)). The

---

[1] This opposition was originally filed without a certificate of service, and Hines corrected the deficiency on November 7, 2016. ECF No. 40.

[2] The answer was missing page 13, and Hines was given 30 days to correct the deficiency. ECF No. 42. On December 12, 2016, Hines submitted the missing page 13 and corrected the deficiency. ECF No. 45.

Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc.*, 616 F.3d at 417. Accordingly, "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge,* 411 F.2d 123, 130 (4th Cir. 1969).

### III. ANALYSIS

To begin with, Hines' response in opposition to plaintiff's motion for default judgment will be construed as a motion to set aside the entry of default, and will be analyzed under the "good cause" standard. *See Vick v. Wong*, 263 F.R.D. 325, 328–29 (E.D. Va. 2009) (treating defendant's letter and affidavit submitted in response to a motion for entry of default judgment as a motion to set aside default) (citing *FDIC v. Danzig,* 10 F.3d 806, 1993 WL 478842, at *2 (4th Cir. 1993) (unpublished table decision) ("Where, as here, a court is ruling upon a plaintiff's application for a default judgment, it properly treats the defendant's opposition as a motion to set aside the entry of default, which is assessed under Rule 55(c)'s good cause standard."). The Court finds good cause to set aside the entry of default against Hines.

This case involves the breakdown of a franchise relationship between Liberty and Hines involving several Liberty franchises. Hines has now submitted a 121 page answer denying much of what is alleged in the complaint and outlining how Liberty failed to meet its obligations. ECF No. 41.

As a *pro se* party, Hines is personally responsible for missing the deadline for filing a responsive pleading. Hines acted with reasonable promptness, however, to cure the default and Liberty has not been prejudiced by the resulting delay. Hines explains that, following the ruling

on his motions to dismiss and change venue, he was waiting for an order from the Court establishing a deadline for filing his responsive pleading. ECF No. 40 at 1–2. He interpreted the notice to counsel from the clerk's office to establish a deadline for responsive pleadings of October 11, 2016, 15 days from the date of the notice. ECF No. 34 at 2. Given Hines' *pro se* status, his explanation for the delay seems reasonable. Hines filed his motion for extension to respond to the complaint 22 days after his responsive pleadings were due. He then filed his answer within the extended deadline established by the Court. The resulting delay in filing a responsive pleading was less than two months. Such a delay, when the case has not been set for trial, has not prejudiced Liberty. *See Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 952–54 (4th Cir. 1987) (vacating entry of default judgment and remanding for trial even though counsel delayed filing motion to set aside default for ten months). Further, Liberty is not prejudiced due to its loss of a "quick [default-based] victory." *See Peche v. Keller*, No. 1:11cv362, 2012 WL 2128095, at *7 (M.D.N.C. June 12, 2012) (citing *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988)). There has been no suggestion that Hines has acted in bad faith and there is no history of dilatory action in this case. Accordingly, resolving all doubts in favor of setting aside default, the good cause factors weigh in favor of denying Liberty's motion for default judgment and setting aside the entry of default against Hines.

## IV. RECOMMENDATION

For the forgoing reasons, the Court RECOMMENDS that Liberty's motion for default judgment be **DENIED** and that the entry of default against Hines be **SET ASIDE**.

## V. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge

Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
December 15, 2016