UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JTH TAX, INC. d/b/a
LIBERTY TAX SERVICE,

       Plaintiff,

v.                              CIVIL ACTION NO. 2:15cv558

CHARLES HINES,

       Defendant.

## MEMORANDUM ORDER

This matter comes before the court on the Plaintiff's Motion for Default Judgment ("Motion") and Memorandum in Support, filed on October 13, 2016. ECF Nos. 35, 36. The Defendant filed his Response in Opposition on November 7, 2016. ECF No. 40. On November 16, 2016, this court referred the above Motion to United States Magistrate Judge Robert J. Krask, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), to conduct hearings, including evidentiary hearings, if necessary, and to submit to the undersigned district judge proposed findings of fact, if applicable, and recommendations for the disposition of the Motion. ECF No. 43.

The Magistrate Judge filed his Report and Recommendation ("R&R") on December 15, 2016. ECF No. 47. The Magistrate Judge recommended denying the Plaintiff's Motion and setting aside the

entry of default against the Defendant. R&R at 1. By copy of the R&R, the parties were advised of their right to file written objections to the findings and recommendations made by the Magistrate Judge. Id. at 6. On December 29, 2016, the Plaintiff filed an Objection to the R&R. ECF No. 48. On January 11, 2017, the Defendant filed a Response to the Plaintiff's Objection. ECF No. 49.

## I. LEGAL STANDARD

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court, having reviewed the record in its entirety, shall make a de novo determination of those portions of the R&R to which the Plaintiff has specifically objected. Fed. R. Civ. P. 72(b). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

## II. DISCUSSION

The Plaintiff objects to the Magistrate Judge's application of the six-factor test for setting aside default judgment articulated in Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010). Obj. at 1. Specifically, the Plaintiff argues that the Magistrate Judge erred in applying the following factors: whether the Defendant has acted with reasonable promptness, the personal

responsibility of the Defendant, prejudice to the Plaintiff, and whether there is a history of dilatory actions. Id.

The Magistrate Judge's overall application of the Colleton factors, and his recommendation to deny the Motion and set aside entry of default, is correct. Although the Plaintiff objects that the Defendant has engaged in dilatory action, see Obj. at 2-3, in contrast with the Magistrate Judge's finding that "there is no history of dilatory action in this case," R&R at 5, the court is not persuaded that "[the Defendant's] dilatory conduct, and the resulting prejudice to Liberty, weigh heavily against setting aside default." Obj. at 3. A history of dilatory conduct is but one of six factors to consider in analyzing a motion for default judgment, and there is a strong preference overall for resolving cases on the merits. See Colleton, 616 F.3d at 417. Moreover, while the Defendant has caused some delay, the delay has neither been severe nor the result of bad faith. Such delay, therefore, would not "weigh heavily against setting aside default," Obj. at 3, but would be negligible in the overall calculation of the Colleton factors.

The court also agrees with the Magistrate Judge that the Defendant has not caused the Plaintiff prejudice through such delay, see R&R at 5, and likewise stands by the Magistrate Judge's findings on the factors of reasonable promptness and

3

personal responsibility, which have been given adequate weight. See id. at 4.

For these reasons, and especially in light of the preference for resolution on the merits, see Colleton, 616 F.3d at 417, the court agrees with the Magistrate Judge's findings that the Colleton factors weigh in favor of the Defendant, and that the Plaintiff's Motion should be denied and the entry of default set aside.

### III. CONCLUSION

The court, having examined the Objections to the R&R filed by the Plaintiff, and having made de novo findings with respect thereto, does hereby **OVERRULE** the Plaintiff's Objections; **ADOPT AND APPROVE**, with the exception of the Magistrate Judge's finding of no dilatory conduct, the findings and recommendations set forth in the R&R of the United States Magistrate Judge, filed on December 15, 2016, ECF No. 47; **DENY** the Plaintiff's Motion filed on October 13, 2016, ECF No. 35; and **DIRECT** the Clerk to set aside the entry of default against the Defendant.

The Clerk is **DIRECTED** to send a copy of this Memorandum Order to all parties.

**IT IS SO ORDERED.**

_____/s/_____
Rebecca Beach Smith   Chief Judge
_____
REBECCA BEACH SMITH
CHIEF JUDGE

January 18, 2017

4