UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JTH TAX, INC.,
d/b/a Liberty Tax Service,

      Plaintiff,

v.                                                         Action No. 2:15cv558

CHARLES HINES,

      Defendant.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter is before the Court on plaintiff JTH Tax, Inc.'s ("Liberty's") motion to dismiss *pro se* defendant, Charles Hines' ("Hines") amended counterclaim. ECF No. 66. Liberty's motion was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). ECF No. 68. For the reasons that follow, the Court recommends that Liberty's motion to dismiss the amended counterclaim be GRANTED without prejudice to Hines filing a second amended counterclaim in an effort to comply with Rules 8(a)(2), 8(d)(1), and 10(b) of the Federal Rules of Civil Procedure.

### I. PROCEDURAL HISTORY

On December 23, 2015, Liberty filed this action against Hines alleging breach of franchise agreements, trademark infringement, past due accounts receivable, and breach of promissory notes. ECF No. 1. Following two extensions of time to file a responsive pleading, ECF Nos. 5, 10, Hines filed a motion to dismiss and motion for change of venue, ECF Nos. 14, 15, which the Court denied on September 1, 2016. ECF No. 31. Hines failed to file a

responsive pleading within 14 days after notice of the denial of the motions to dismiss and change venue, as required by Federal Rule of Civil Procedure 12(a)(4)(A).

At Liberty's request, ECF No. 32, the Clerk noted an entry of default as to Hines pursuant to Federal Rule of Civil Procedure 55(a) on September 30, 2016. On October 13, 2016, Liberty filed a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) "[b]ecause defendant has failed to plead or otherwise defend this action." ECF Nos. 35, 36. Hines filed an opposition to Liberty's motion for default judgment on October 28, 2016, ECF No. 38, and answered the complaint on November 10, 2016. ECF No. 41. On December 12, 2016, Hines requested leave to file a "Counter-Complaint." ECF No. 46. On January 18, 2017, the Court denied Liberty's motion for default judgment, directed the Clerk to set aside the entry of default against Hines, ECF No. 50, and granted Hines 21 days to file his "Counter-Complaint." ECF No. 51.

On February 8, 2017, Hines filed a 97-page incomplete Counter-Complaint ("Partial Counter-Complaint"), ECF No. 52, and a 169-page Counter-Complaint ("Full Counter-Complaint"), ECF No. 53, which failed to comply with the Court's signature block and certificate of service requirements. The Court entered an order, on February 13, 2017, advising Hines that the deficiencies needed to be corrected within 30 days. ECF No. 55.

Liberty filed a motion to dismiss Hines' Partial and Full Counter-Complaints (ECF Nos. 52, 53), on February 17, 2017, for failure to comply with Federal Rules of Civil Procedure 8(a), 8(e), and 12(f). ECF No. 56. Hines filed an opposition to the motion to dismiss on March 10, 2017, ECF No. 58, and Liberty filed a reply on March 16, 2017, ECF No. 59.

On March 15, 2017, Hines filed a 176-page Counter-Complaint ("amended counterclaim").[1] ECF No. 60. On March 24, 2017, Liberty filed a motion to strike untimely pleadings and dismiss counterclaim for failure to comply with the Court's Order, asking the Court to strike or dismiss the Partial and Full Counter-Complaints, and amended counterclaim. ECF No. 62. *See also* ECF No. 63 (Mem. in Support).

The Court construed representations made in Hines' Full Counter-Complaint and opposition to the motion to dismiss as Hines' motion to amend his Full Counter-Complaint.[2] ECF No. 65. The Court granted the motion to amend, denied Liberty's motion to dismiss, denied Liberty's motion to strike, and ordered Liberty to respond to the amended counterclaim. ECF No. 65.

Liberty filed a motion to dismiss the amended counterclaim on April 14, 2017, for failure to comply with Federal Rules of Civil Procedure 8(a), 8(e)[3], and 10(b). ECF No. 66. *See also* ECF No. 67 (Mem. in Support). On May 10, 2017, the Court referred the motion to dismiss to

---

[1] This amended counterclaim is substantially similar to the Full Counter-Complaint for the first 110 pages, but is clearly an amended version of the Full Counter-Complaint for the remaining 66 pages. *Compare* ECF No. 53 with ECF No. 60.

[2] The last paragraph of Hines' Full Counter-Complaint, filed on February 8, 2017, states, "I am going to try to wrap this up for presentation tomorrow, 2/8/17,'However it is', with the intention of 'Amending' this Document when I: 1) get my phone service back on; and 2) when I get my lap-top in order; or 3) I have the ti[m]e to properly complete what I am submitting, if I cannot quickly correct 1) and 2)." ECF No. 53-3 at 19. In his opposition to the motion to dismiss, Hines explains that he will bring his "cured" counter complaint to the court the following week, and states, "what should have been submitted on the 8th, and will be submitted, in whole, next week – is very strong and complete, and is not repetitive or any more prolix than it needs to be." ECF No. 58 at 3, 5.

[3] Liberty references Federal Rule of Civil Procedure 8(e) in its motion to dismiss, memorandum in support, and reply, *see* ECF Nos. 66, 67, 78; however, the Court understands Liberty to be relying on the requirement of Rule 8(d)(1) that "[e]ach allegation must be simple, concise, and direct."

3

the undersigned for recommendations for the disposition of the motion. ECF No. 68. Due to Hines' delay in receiving the motion to dismiss and confusion as to the status of the case, the Court held a telephone conference on June 2, 2017. *See* ECF No. 76. The Court explained the posture of the case and ruled on Hines' three pending motions: the motion for status of the case, ECF No. 70, the motion to deny or strike Liberty's motion to dismiss, ECF No. 74, and the motion to order Liberty to answer the amended counterclaim, ECF No. 75. ECF No. 76. The Court ordered Hines to file a response to Liberty's motion to dismiss the amended counterclaim, and Hines complied with the order on June 16, 2017. ECF Nos. 76, 77. Liberty filed a reply on June 22, 2017. ECF No. 78. On July 13, 2017, without leave of court, Hines filed a sur-reply. ECF No. 79.

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure require that a counterclaim contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In addition, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The rules further require a party to "state [his] claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). One purpose of these pleading requirements is "to give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Another purpose is to "'frame[] the issue[s] and provide the basis for informed pretrial proceedings.'" *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (quoting *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000)).

When determining whether a pleading complies with these requirements, "courts have looked to various factors, including the length and complexity of the [pleading], whether the

4

[pleading] was clear enough to enable the [opposing party] to know how to defend himself, and whether the [pleader] was represented by counsel." *North Carolina v. McGuirt*, 114 F. App'x 555, 558 (4th Cir. 2004) (internal citations omitted).

### III. ANALYSIS

This case concerns the breakdown of a franchise relationship between Liberty and Hines involving several Liberty franchises. Hines has submitted a 176-page amended counterclaim asserting seventeen claims against Liberty. ECF No. 60. For the reasons that follow, the Court finds that the amended counterclaim fails to comply with Federal Rules of Civil Procedure 8(a)(2), 8(d)(1), and 10(b), and recommends that Liberty's motion to dismiss be GRANTED without prejudice to Hines filing a second amended counterclaim that complies with the rules.

#### A. Length and Complexity of the Amended Counterclaim

Hines' 176-page amended counterclaim is unnecessarily lengthy, and much of the information included serves only to obscure the facts that support his claims for relief. "Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). "Where the amount of extraneous detail swamps the relevant allegations in the complaint, it becomes unduly burdensome for the opposing party and the court to understand the plaintiff's claims." *Valley Forge Ins. Co. v. Hartford Iron & Metal, Inc.*, No. 1:14cv6, 2016 WL 4414960, at *3 (N.D. Ind. Aug. 19, 2016) (citing *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994)); *see also Marsh v. Virginia Dep't of Transp.*, No. 6:14-CV-00006, 2014 WL 6833927, at *1 (W.D. Va. Dec. 3, 2014) (recognizing that pleadings that fail to comply with Rule 8(a)(1) and (d)(1) "place[] an unjustifiable burden on [the opposing

parties] to determine the nature of the claim against them and to speculate on what their defenses might be, and imposes a similar burden on the court to sort out the facts now hidden in a mass of charges, arguments, generalizations and rumors.") (quotations and citation omitted).

The Court does not fault Hines for walking chronologically through his relationship with Liberty in an attempt to offer factual support for his 17 counterclaims, and is mindful that, as a *pro se* defendant, Hines may find it difficult to ascertain which pieces of information should be included in a counterclaim. The Court is also mindful of Hines' need to ensure that his amended counterclaim alleges "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, keeping in mind that a claim is plausible "when the [claimant] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Nevertheless, Hines' amended counterclaim includes much extraneous information that is not helpful to stating his claims for relief. In the first 36 pages of his amended counterclaim, Hines provides an overview for why Liberty's business model sets franchisees up for failure. *See* ECF No. 60 at 1–36. It is not until page 37 of the complaint that Hines begins walking chronologically through his own interactions with Liberty, which he provides in detail for the next 74 pages. *Id.* at 37–111.

The purpose of a counterclaim is to state, in as concise a fashion as possible, a plausible claim for relief, put the opposing party on notice of the claims against it, and frame the issues for pretrial proceedings. Once the case proceeds, Hines will have the opportunity to submit evidence and testimony in support of his claims. It is not necessary at this pleading stage to submit "every piece of available and potentially supportive evidence." *See Miller v. Att'y Gen. W. Va.*, No.

6

3:16cv04225, 2016 WL 3541580, at *2 (S.D.W. Va. June 23, 2016). At a minimum, Hines needs to avoid repeating information. For example, Hines' list of 43 "Facts" appears on three occasions in his amended counterclaim. *See* ECF No. 60 at 9, 115, 130. <u>To proceed with his counterclaim against Liberty, Hines needs to exclude superfluous and repetitive information, while focusing his counterclaim on those interactions with Liberty giving rise to his claims.</u>

**B.     Liberty's Ability to Respond**

Liberty cannot respond to the amended counterclaim in its present form. The amended counterclaim attempts to incorporate countless written and spoken communications and exhibits by reference. In addition, the lack of sequentially numbered paragraphs, which each address a single set of circumstances, makes the amended counterclaim an unworkable pleading for framing pretrial proceedings.

**1.     Reference to Information Not Contained in the Counterclaim**

Hines attempts to incorporate a wealth of information by referencing such information in his amended counterclaim. On the first page of the amended counterclaim, Hines states,

> I want to include in this Counter-Complaint, all e-mails and memos I have written and sent and I have received since I joined Liberty Tax, including visual media as recorded and shown on Liberty's intranet system, Zeenet, as well as all of the words and sentences of my Answer, my Motions and any other written material relative to this [case], whether included as Exhibits, or not. The Defendant repeats, restates, realleges, includes, and incorporates all written material of his Answer, his Motions, and all of his body of writings, beginning with his phone call and initial association with Liberty Tax at the end of April, 2012, as if fully set forth herein.

ECF No. 60 at 1. A similar entry is contained in a passage of the amended counterclaim titled "Pathways," which indicates that,

> The Defendant, in addition to the allegations contained in this Counter-Complaint, as well as all other allegations and points and paragraphs in all matters relative to [the case], the Defendant hereby specifically incorporates, by reference, the

7

> Answer and all Motions and all written material such as personally composed, written, received, and visual media, memos, and e-mails, beginning in April 2012, which such material may be brought forth at a later date, as it may pertain to the Defendant, the Plaintiff, Liberty Tax, [the case], and any individual employed by, in concert with, or associated with either Liberty Tax or the Defendant, or any casually named or distantly identified individual, which such individual may be brought forth at a later date, including previous or existing Liberty Tax franchisees and other individuals, who may have been employed by, either, Liberty Tax or Liberty Tax franchisees, or who might have worked with, or associated with Liberty and such franchisees, including Witnesses heretofore not named, but who may be named as [the case] progresses.

*Id.* at 10. In addition, attached to his counterclaim, Hines includes a list of 142 exhibits with a letter stating that, "[t]he exhibits are [a] stack of paper 4" thick," and "[i]f I need to include the exhibits, I will send or deliver them." *Id.* at 171–76.

The multiple documents and conversations Hines attempts to incorporate into his amended counterclaim are not necessary at this stage of the litigation. Moreover, these references do not comply with the requirements of a "short and plain statement" that is "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). <u>To proceed with his counterclaim, Hines must exclude the passages quoted above and any other attempt to incorporate information "by reference," as well as the reference to a list of exhibits that are not attached.</u>

    2.    **Rule 10(b)'s Requirement of Separately Numbered Paragraphs**

Next, the amended counterclaim does not comply with the requirement of Rule 10(b) that defenses and claims be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Despite Hines' numbering 217 paragraphs in his 167-page pleading, the amended counterclaim violates Rule 10(b) in several respects. On multiple occasions, Hines stops his sequentially numbered paragraphs to start new lists of numbered paragraphs, resulting in 13 paragraphs labeled with "1." *See* ECF No. 60 at 8–9, 11–

13, 23–28, 114–15, 117–25, 130, 139–41, 144–50, 159–62. In addition, the amended counterclaim contains numerous unnumbered paragraphs, some of which are lengthy and single spaced. *See id.* at 2, 10–11, 31–36, 45–47, 112–13. Further, many numbered paragraphs in the amended counterclaim are not limited to a single set of circumstances, but instead, the paragraphs can run on for pages at a time. *See id.* at 4–6, 74–75, 131–44, 150–62, 164–66.

Following is one example of why Hines' failure to follow Rule 10(b) requires dismissal with leave to amend. In paragraph 8 of the amended counterclaim, Hines explains:

> This Civil Action, "558', my Answer, my Counter-Complaint, MY STORY...can be found cryptically in the following two pages, in a rough chronological order, which, at trial, I want to fully explore. Here, trying to condense what I am writing, I do not know that I will be giving ANY of my information sufficient play. (as of 11/11...I won't!) There are a series of factors and "FACTS" which follow, which, to try to eliminate pages from this Counter-Complaint, I'm going to just title and cite each element, and if space provides, say something brief about it in the following sections of this document - if space and pages, provide. Otherwise, if I can only fit in brief descriptions, or just a name or phrase, I will assume that will suffice to be like a place holder, to be discussed and explored in full measure, later, and at trial.

*Id.* at 7. This paragraph is followed by: (1) one page titled "Agents of Loss" that lists 17 events, such as "the May, 2012, Open House, meeting 'John', and John's 1/3, 1/3, 1/3;" (2) one page with a list of 43 "Facts;" (3) one and one-half pages of single-spaced text under the heading "Pathways" that contains the paragraph quoted in section III. B. 1. above, as well as a discussion of Hines' *pro se* status and lack of "legalese," and an explanation of how Hines is "set[ting] the stage for COUNTS;" and (4) two and one-half pages listing 20 "Pre-Counts, In a Nutshell." ECF No. 60 at 8–13. As a result, seven pages after paragraph 8, the amended complaint picks back up with paragraph 9, which is one and one-quarter pages long. *Id.* at 14–15.

In his motion to strike or deny plaintiff's motion to dismiss as moot, Hines suggests that, in answering his amended counterclaim, Liberty "not mark anything that does not have a number or letter in front of it," "do not do anything with [the single spaced fine print information] other than assimilate their information," and "[d]o not do anything with the 'PROOF POINTS,' on pages 31 through 36! Just take them in and grasp their significance." ECF No. 74 at 4–5. These are not workable solutions to Hines' failure to comply with Rule 10(b)'s requirements.

To proceed with his counterclaim against Liberty, Hines needs to: (1) ensure that the counterclaim is sequentially numbered without intervening lists that begin numbering again with "1.," (2) exclude the single-spaced fine print sections that are not numbered, and (3) ensure that each numbered paragraph is limited to a single set of circumstances. When numbering each separate paragraph, Hines should carefully review the information contained to determine whether it is necessary to stating his claims briefly and plainly against Liberty.

### C. *Pro Se* Status

Due to his *pro se* status, Hines' pleadings are entitled to a liberal construction. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, "[e]ven *pro se* plaintiffs must recognize Rule 8's vision for 'a system of *simplified pleadings* that give notice of the general claim asserted, allow for the preparation of a basic defense, [and] *narrow the issues* to be litigated.'" *Sewraz v. Guice*, No. 3:08cv35, 2008 WL 3926443, at *1 (E.D. Va. Aug. 26, 2008) (quoting *Prezzi v. Berzak*, 57 F.R.D. 149, 151 (S.D.N.Y. 1972)). *See also Spencer v. Hedges*, 838 F.2d 1210, at *1 (4th Cir. 1988) ("[w]hile *pro se* complaints are to be interpreted liberally by the courts, the principles requiring generous construction do have their limits.") (unpublished table decision) (internal citation

omitted). The Court is not expecting, or requiring, Hines to submit a perfect pleading, but the case cannot proceed with the amended counterclaim in its present form.

## IV. RECOMMENDATION

For the forgoing reasons, the Court RECOMMENDS that Liberty's motion to dismiss the amended complaint be GRANTED without prejudice to Hines filing a second amended counterclaim in an effort to comply with Rules 8(a)(2), 8(d)(1), and 10(b). The Court further RECMMENDS that Hines be required to file any second amended counterclaim within 21 days from the date of the Court's order addressing this recommendation and ruling on Liberty's motion to dismiss.

## V. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within 14 days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra 3 days, if service occurs by mail. A party may respond to any other party's objections within 14 days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and

recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
July 19, 2017