# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

JTH TAX, INC.,
d/b/a Liberty Tax Service,

    Plaintiff,

v.                               Action No. 2:15cv558

CHARLES HINES,

    Defendant.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* defendant, Charles Hines' ("Hines") motion for sanctions against Willcox and Savage, P.C., requesting sanctions for Liberty's failure to answer Hines' counterclaims. ECF No. 102. The motion has been referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). ECF No. 108. For the reasons that follow, the Court recommends that Hines' motion for sanctions be DENIED.

## I. PROCEDURAL HISTORY

While the procedural history of this action is extensive, the pertinent filings are outlined below. On December 23, 2015, Liberty filed this action against Hines, ECF No. 1, and Hines answered the complaint on November 10, 2016. ECF No. 41. On December 12, 2016, Hines requested leave to file a "Counter-Complaint." ECF No. 46. On January 18, 2017, the Court granted Hines 21 days to file his counterclaim. ECF No. 51.

On February 8, 2017, Hines filed a 97-page incomplete counterclaim ("Partial Counter-Complaint"), ECF No. 52, and a 169-page counterclaim ("Full Counter-Complaint"),

ECF No. 53, which failed to comply with the Court's signature block and certificate of service requirements. The Court entered an order, on February 13, 2017, advising Hines that the deficiencies needed to be corrected within 30 days. ECF No. 55.

Liberty filed a motion to dismiss Hines' Partial and Full Counter-Complaints (ECF Nos. 52, 53), on February 17, 2017, for failure to comply with Federal Rules of Civil Procedure 8(a), 8(e), and 12(f). ECF No. 56. Hines filed an opposition to the motion to dismiss on March 10, 2017, ECF No. 58, and Liberty filed a reply on March 16, 2017, ECF No. 59.

On March 15, 2017, Hines filed a 176-page counterclaim ("amended counterclaim"). ECF No. 60. On March 24, 2017, Liberty filed a motion to strike untimely pleadings and dismiss counterclaim for failure to comply with the Court's Order, asking the Court to strike or dismiss the Partial and Full Counter-Complaints, and amended counterclaim. ECF No. 62. *See also* ECF No. 63 (Mem. in Support).

The Court construed representations made in Hines' Full Counter-Complaint and opposition to the motion to dismiss as Hines' motion to amend his Full Counter-Complaint.[1] ECF No. 65. The Court granted the motion to amend, denied Liberty's motion to dismiss, denied Liberty's motion to strike, and ordered Liberty to respond to the Amended Counterclaim. ECF No. 65.

---

[1] The last paragraph of Hines' Full Counter-Complaint, filed on February 8, 2017, states, "I am going to try to wrap this up for presentation tomorrow, 2/8/17,'However it is', with the intention of 'Amending' this Document when I: 1) get my phone service back on; and 2) when I get my lap-top in order; or 3) I have the ti[m]e to properly complete what I am submitting, if I cannot quickly correct 1) and 2)." ECF No. 53-3 at 19. In his opposition to the motion to dismiss, Hines explains that he will bring his "cured" counterclaim to the court the following week, and states, "what should have been submitted on the 8th, and will be submitted, in whole, next week – is very strong and complete, and is not repetitive or any more prolix than it needs to be." ECF No. 58 at 3, 5.

Liberty filed a motion to dismiss the amended counterclaim on April 14, 2017, for failure to comply with Federal Rules of Civil Procedure 8(a), 8(e), and 10(b). ECF No. 66. *See also* ECF No. 67 (Mem. in Support). Due to Hines' apparent delay in receiving the motion to dismiss, the Court held a telephone conference on June 2, 2017. *See* ECF No. 76. The Court explained the posture of the case, explained that Liberty's motion to dismiss was properly filed, and ordered Hines to file a single document responding to the motion by June 16, 2017. *Id.* Hines timely filed an opposition on June 16, 2017, ECF No. 77, Liberty filed a reply on June 22, 2017, ECF No. 78, and Hines filed a sur-reply on July 13, 2017, ECF No. 79. On July 19, 2017, by report and recommendation, the Court recommended that Liberty's motion to dismiss the amended counterclaim be granted without prejudice to Hines filing a second amended counterclaim. ECF No. 80.

Hines submitted a second amended counterclaim on August 11, 2017, which was filed subject to defect. ECF No. 82. An order entered August 28, 2017 directed the Clerk to file the second amended counterclaim without defect, and directed Liberty to file a responsive pleading within 21 days. ECF No. 85. Twenty-one days later, on September 18, 2017, Liberty timely filed a motion to dismiss Hines' second amended counterclaim or, in the alternative, stay the counterclaim pending arbitration. ECF No. 88.

Hines filed a motion for sanctions against Willcox & Savage, P.C., on October 13, 2017, requesting sanctions due to Liberty's failure to file an answer to Hines' counterclaims. ECF No. 102 at 1–2. Liberty filed an opposition to the motion on October 18, 2017, requesting attorneys' fees incurred in responding to the motion. ECF No. 103. On October 26, 2017, eight days after Liberty filed the opposition, Hines filed a "Narrative on Plaintiff's ECF 103." ECF No. 107.

## II.  ANALYSIS

Although Liberty has not filed an answer to Hines' counterclaims, Liberty has complied with the rules by timely filing responsive pleadings.   A motion to dismiss is a responsive pleading.   Under Rule 12 of the Federal Rules of Civil Procedure, "[a] party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim."  Fed. R. Civ. P. 12(a)(1)(B).   However, if a party serves a motion, the time to answer the counterclaim is postponed, and an answer is not due until fourteen days after such a motion is denied.   Fed. R. Civ. P. 12(a)(4)(A).

In this case, Liberty has timely filed a responsive pleading to each of Hines' counterclaims.   As outlined above, Liberty moved to dismiss Hines' two counterclaims filed on February 8, 2017, ECF Nos. 52 and 53, nine days after the counterclaims were filed.   ECF No. 56.   Liberty moved to strike Hines' amended counterclaim, ECF No. 60, fourteen days after it was submitted.   ECF No. 62.

On April 5, 2017, the Court granted Hines leave to file the amended counterclaim, denied Liberty's motion to dismiss the partial and full counter-complaints as moot, denied Liberty's motion to strike the amended counterclaim, and ordered Liberty to respond to the amended counterclaim within 21 days.   ECF No. 65.   Liberty filed a motion to dismiss the amended counterclaim nine days later on April 14, 2017, ECF No. 66, which the Court granted without prejudice to Hines filing a second amended counterclaim.   ECF Nos. 80, 84.

Pursuant to the Court's order, Hines' second amended counterclaim was filed on August 28, 2017, and Liberty was directed to file a responsive pleading within 21 days.   ECF Nos. 82, 85.   Twenty-one days later, on September 18, 2017, Liberty timely filed a motion to dismiss Hines' second amended counterclaim or, in the alternative, stay the counterclaim pending

4

arbitration. ECF No. 88.

Under Federal Rule of Civil Procedure 12(a)(4)(A), if a party serves a motion, the time to answer the counterclaim is postponed, and an answer is not due until fourteen days after a motion is denied. Fed. R. Civ. P. 12(a)(4)(A). Pursuant to this rule, Liberty has timely responded to each of Hines' counterclaims. Accordingly, the Court recommends that Hines' motion for sanctions against Willcox & Savage, P.C., be DENIED.

In the opposition to Hines' motion, Liberty requests an award of attorneys' fees incurred in responding to Hines' motion for sanctions. ECF No. 103 at 3. Federal Rule of Civil Procedure 11(c)(2) provides:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2). Hines failed to comply with this rule by failing to serve the motion on Liberty, and giving Liberty 21 days to correct the alleged violation before filing and seeking relief from the Court. *See* ECF No. 103 at 2. Liberty seeks the attorneys' fees incurred in responding to this motion, citing Rule 11(c)(2) and the series of "non-meritorious filings Hines has made in just the first half of this month." *Id.* at 3.

While Hines failed to comply with the provisions of Rule 11(c)(2), the Court does not recommend an award of attorneys' fees. If Hines repeats such conduct in the future, he is now put on notice that Liberty may seek, and the Court may award, attorneys' fees incurred in responding to such a motion. As directed in a previous order, ECF No. 113, Hines is admonished that he must follow Local Civil Rule 7(F)(1) when filing papers with the Court. When filing a

motion, Hines is entitled to one brief in support of the motion, and one reply brief filed no later than six days after plaintiff files an opposition to his motion. In addition, Hines may file one opposition brief within 14 days after service of a motion filed by plaintiff. Additional briefs may not be filed without first obtaining leave of Court as provided by the Local Civil Rule.

The Court recommends that Liberty's request for an award of attorneys' fees be DENIED.

## III. RECOMMENDATION

For the forgoing reasons, the Court RECOMMENDS that Hines' motion for sanctions against Willcox & Savage, P.C., be DENIED, and Liberty's request for attorneys' fees incurred in responding to the motion be DENIED.

## IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within 14 days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra 3 days, if service occurs by mail. A party may respond to any other party's objections within 14 days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court

based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
December 15, 2017