UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

MAR - 2 2018

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

JTH TAX, INC. d/b/a
LIBERTY TAX SERVICE,

       Plaintiff,

v.                         **CIVIL ACTION NO. 2:15cv558**

CHARLES HINES,

       Defendant.

### MEMORANDUM ORDER

This matter comes before the court on the Plaintiff's, JTH Tax, Inc., d/b/a/ Liberty Tax Service ("Liberty"), motion to dismiss or, in the alternative, stay Defendant's counterclaim pending arbitration ("Motion to Dismiss") and Memorandum in Support, filed on September 18, 2017. ECF Nos. 88, 89. On September 28, 2017, the pro se Defendant, Charles Hines ("Hines") filed a "Memorandum and Initial Response to ECFs 88, 89, 90, and 91." ECF No. 92. On October 5, 2017, the matter was referred to United States Magistrate Judge Robert J. Krask, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), to conduct hearings, including evidentiary hearings, if necessary, and to submit to the undersigned district judge proposed findings of fact, if applicable, and recommendations for the disposition of the Motion to Dismiss. ECF No. 94. On October 10, 2017, the

Plaintiff filed a Motion for Leave to File a Reply Brief After Deadline ("Motion for Leave to File"). ECF No. 98. On November 6, 2017, the Motion for Leave to File was also referred to United States Magistrate Judge Robert J. Krask.

The United States Magistrate Judge's Report and Recommendations ("R&R") regarding both the Motion to Dismiss and the Motion for Leave to File was filed on December 15, 2017. ECF No. 120. First, the Magistrate Judge denied the Plaintiff's Motion for Leave to File. R&R at 4. Next, the Magistrate Judge recommended the Plaintiff's Motion to Dismiss be granted in part and denied in part. Id. at 29.[1] Lastly, the Magistrate Judge recommended that that the Plaintiff's alternative motion to stay be denied as moot, because all of the Defendant's counterclaims would be dismissed, either with or without prejudice. Id. Nonetheless, the Magistrate Judge recommended that the Plaintiff's alternative motion to stay be granted in part, because the arbitration clauses to which the Defendant agreed are enforceable. Id. The Magistrate Judge directed that the Defendant pursue any of his counterclaims dismissed without

---

[1] Specifically, the Magistrate Judge recommended that the Defendant's counterclaims brought pursuant to the Franchise Rule, the Virginia Retail Franchising Act, the Virginia Consumer Protection Act, the Maryland Franchise Registration and Disclosure Law, and the Maryland Consumer Protection Act be dismissed with prejudice. The Magistrate Judge recommended that the Defendant's remaining counterclaims be dismissed without prejudice.

prejudice, to the extent he so desires, before an arbitrator, pursuant to the arbitration clauses in the franchise agreements. Id.

By copy of the R&R of the Magistrate Judge, the parties were advised of their right to file written objections to the findings and recommendations made by the Magistrate Judge within fourteen (14) days from the date of the R&R's mailing to the objecting party. Id. at 29-30.[2] On January 9, 2018, the Defendant filed "Last Minute Motion for Leave of the Court to Extend the Delivery of Defendant's Reply to ECF 120 to Tuesday, January[] 9, 2018," subject to defect. ECF No. 122 [hereinafter Def. Objs.]. The court subsequently lifted the defect and construed the Defendant's filing as the entirety of the Defendant's objections to the R&R. ECF No. 123.

## I.    LEGAL STANDARDS

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court, having reviewed the record in its entirety, shall make a de novo determination regarding those portions of the R&R to which the Defendant has specifically objected. Fed. R. Civ. P. 72(b). The portions of the R&R to which no objections have been filed are reviewed by the court to ensure that there is no clear error on the face of the record.

---

[2] The court allows three (3) additional days for the mailing of the R&R. See Fed. R. Civ. P. 6(d); R&R at 30.

Fed. R. Civ. P. 72(b) advisory committee's note to 1993 addition. The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

## II.  DISCUSSION

### A. Motion for Leave to File

No objections were filed against the Magistrate Judge's denial of the Plaintiff's Motion for Leave to File. ECF No. 98; see R&R at 3-4. The Motion for Leave to File was submitted after the deadline to submit such a motion, in violation of Local Civil Rule 7(F)(1). Therefore, the Plaintiff's Motion for Leave to File is **DENIED**.

### B. Motion to Dismiss

The Defendant's Second Amended Counterclaim ("SAC"), ECF No. 82, includes six (6) counts, many with multiple sub-counts, considered by the Magistrate Judge in his evaluation of the Plaintiff's Motion to Dismiss, ECF No. 88. The court will make de novo determinations regarding the findings and recommendations made for the counts to which the Defendant has objected. See supra Part I. As to the sections of the R&R to which no objections have been filed, the court will review the Magistrate Judge's findings and recommendations to ensure that no clear error appears on the face of the record. Id.

4

For the reasons stated below, the court hereby **OVERRULES** the Defendant's objections to the R&R, and **ADOPTS AND APPROVES IN FULL** the findings and recommendations set forth in the R&R of the United States Magistrate Judge, filed on December 15, 2017. ECF No. 120.

## 1. Factual History

The Defendant makes two objections to the "Factual History" section of the R&R. First, the Defendant objects to the language in the R&R that "Liberty is in the business of selling franchises engaged in the preparation of tax returns." R&R at 2 (citing SAC ¶ 4; Compl. ¶ 7, ECF No. 1); see also Def. Objs. at 4-6. Second, the Defendant seems to dispute the factual statement that the Defendant operated three (3) Liberty kiosks located inside Walmart stores for four (4) months in 2014. See R&R at 2 (citing SAC ¶¶ 8-9); Def. Objs. at 8.

These objections do not materially challenge any of the findings or recommendations made by the Magistrate Judge. Further the R&R's characterization of these facts is correct, based on the language used in the Complaint and the SAC. Therefore, the Defendant's objections to specific language used on page two (2) of the R&R are **OVERRULED.**[3]

---

[3] Within the Defendant's objections to the "Factual History" section of the R&R, the Defendant also alleges that Liberty breached the franchise agreements by allowing other Liberty franchisees to operate within his territory. Def. Objs. at 8. As

## 2. **Procedural History**

The Defendant makes two objections to the "Procedural History" section of the R&R. First, the Defendant objects to the R&R's characterization of his "Motion to Stay or Pause this Case for Fourteen Additional Days," ECF No. 93. See R&R at 3 ("[T]he Court denied Hines' motion to stay or pause the case for 14 days to allow Hines to file an additional opposition to Liberty's motion to dismiss."); Def. Objs. at 10. Such an objection does not materially challenge any of the findings or recommendations made by the Magistrate Judge.

Second, the Defendant appears to object to this court's prior Order, ECF No. 84, which dismissed the Defendant's earlier counterclaim without prejudice, for failure to comply with the Federal Rules of Civil Procedure. See R&R at 2-3; Def. Objs. at 10, 16. This issue was resolved with the court's Order of August 24, 2017, and an objection to the present R&R is not an appropriate procedure for contesting that prior Order. Therefore, the Defendant's objections to both the specific language on page three (3) of the R&R and this court's Order of August 24, 2017, are **OVERRULED**.

---

explained infra Part II.B.5. (addressing Defendant's breach of contract objections), to the extent Hines wishes to allege that Liberty breached the franchise agreements, he must specifically allege which provision of the franchise agreements was breached, when, and by whom. A conclusory statement that the agreements were breached is insufficient.

6

### 3. Choice of Law

The Defendant makes several objections to the Magistrate Judge's findings regarding the appropriate law applicable to this case. First, the Defendant objects to the finding that the Virginia Retail Franchising Act does not apply to his counterclaims. See R&R at 6-7 (citing Va. Code Ann. § 13.1-559 (2009)); Def. Objs. at 10-11. After making a de novo determination, the court **OVERRULES** this objection, and **FINDS** that the Virginia Retail Franchising Act does not apply to the Defendant's counterclaims.

Second, the Defendant objects to the R&R's characterization of his argument regarding the correct venue for this case. See R&R at 4 ("[H]e continues to insist that the correct venue for the case is Maryland."); Def. Objs. at 11. This objection does not materially challenge any of the ultimate findings or recommendations made by the Magistrate Judge. The determination of the proper venue for this case is not the same as the determination of which state's laws apply. The latter is the subject of the franchise agreements' choice of law provisions. See ECF Nos. 1-5, 1-6, 1-7 (collectively the "Franchise Agreements") at 16. Accordingly, the Defendant's objection to the specific language on page four (4) is **OVERRULED**.

The Defendant next objects to the Magistrate Judge's application of Hooper v. Musolino, 364 S.E.2d 207, 211 (Va.

1988), because the Defendant maintains that this court should apply Maryland law to his counterclaims. See R&R at 5; Def. Objs. at 11-12. However, the Virginia Supreme Court in Hooper enforced a choice of law provision, which led to another state's laws being applied. See Hooper, 364 S.E.2d 207 (Va. 1988). The situation is analogous to the Magistrate Judge's finding; the Magistrate Judge recommends that the choice of law provisions be enforced, which would lead to Virginia law applying to the Defendant's counterclaims. The Defendant's objection to the application of Hooper is **OVERRULED**.

The Defendant next objects to the finding that the party challenging a choice of law provision must establish, by clear and convincing evidence, that the provision itself was the product of impropriety such as overreaching or fraud. R&R at 5 (quoting Zaklit v. Global Linguist Sol., LLC, No. 1:14cv314, 2014 WL 3109804, at *7 (E.D. Va. July 8, 2014)); Def. Objs. at 12-15. The Defendant argues that he has met this burden by showing that Liberty has violated the Franchise Rule. See Def. Objs. at 12-15; see generally 16 C.F.R. § 436 (the "Franchise Rule"). For the same reasons that the Defendant's objections to the finding regarding the Franchise Rule must be overruled, see infra Part II.B.5, this objection to the Magistrate Judge's finding regarding choice of law is **OVERRULED**.

Lastly, the Defendant objects to the application of <u>Global One Communications, LLC v. Ansaldi</u>, No. C165948, 2000 WL 1210511 (Va. Cir. Ct. May 5, 2000). <u>See</u> R&R at 5; Def. Objs. at 17-18. After making a <u>de novo</u> finding, the court **FINDS** that this case properly applies to the circumstances of this matter. As the Magistrate Judge states, Virginia courts do not presume that a contract is unenforceable if the parties to the contract have unequal bargaining power. <u>See</u> R&R at 5. To the extent one party seeks to challenge the contract, the burden is on him "to establish that the provision in question is unfair, unreasonable, or affected by fraud or unequal bargaining power." <u>Global One Commc'n</u>, 2000 WL 1210511, at *2. As explained, <u>infra</u> Parts II.B.5. and II.B.6, the Defendant fails to allege a breach of contract or fraud regarding the choice of law provisions with sufficient specificity to survive the Motion to Dismiss. Accordingly, the court **OVERRULES** the Defendant's objection to the application of <u>Global One Communications</u>.

With all of the Defendant's objections to the choice of law findings overruled, the court hereby **ADOPTS AND APPROVES** the Magistrate Judge's findings that (1) Virginia law applies to the Defendant's breach of contract claims and related non-contract claims, and (2) the Maryland Franchise Registration and Disclosure Law applies to the Defendant's allegations of state statutes violations. <u>See</u> R&R at 6-7.

## 4. Standard of Review

The Defendant objects to the language of the Federal Rules
of Civil Procedure, which govern the standard of review for a
Motion to Dismiss. See R&R at 7-9; Def. Objs. at 19-20. Such an
objection does not state a claim for which relief can be
granted. Furthermore, the Magistrate Judge correctly explains
the proper standard of review in this case. See generally
Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v.
Twombly, 550 U.S. 544 (2007). Therefore, the Defendant's
objection to the standard of review in this case is **OVERRULED**.

## 5. Count I – Breach of Franchise Agreements

The Defendant objects to all of the Magistrate Judge's
recommendations regarding the Defendant's breach of contract
claims. See R&R at 9-16; Def. Objs. at 22-23. Specifically, the
Defendant argues that he has shown a breach of contract pursuant
to Virginia law. See Def. Objs. at 22-23; R&R at 9. First, the
Defendant states that he has shown extensive expenditures and
losses suffered during the course of his franchise relationship
with the Plaintiff. Def. Objs. at 22. Second, he states that
Liberty breached the franchise agreements by violating the
Franchise Rule. Id. Third, the Defendant states that Liberty has
a legally enforceable obligation to him because the Federal
Trade Commission ("FTC") is entitled to enforce the Franchise
Rule. Id. at 23.

10

With regard to the requirement of a legally enforceable obligation, the obligation must be evident in a particular provision of the franchise agreements, in the form of a promise or duty to perform. With regard to the Defendant's allegation regarding a breach of the Plaintiff's obligations, the Defendant cannot solely allege a violation of the Franchise Rule as the breach of the contract between Liberty and himself, for the reasons described infra. Lastly, with regard to the financial losses alleged by the Defendant, they do not, on their own, entitle the Defendant to relief, because the legally enforceable duty and breach that he alleges are not cognizable claims. Therefore, the Defendant's general objection to this section of the R&R, encompassing all of the Magistrate Judge's recommendations regarding the Defendant's breach of contract claims, is **OVERRULED**.

More specifically, the Defendant first objects to the finding that neither the FTC nor the Franchise Rule allows for franchisees to bring suit to enforce the Franchise Rule. R&R at 11; Def. Objs. at 9-10, 12-14, 20, 23-24. After making a de novo determination, the court agrees with the Magistrate Judge, that the Franchise Rule does not create a private right of action enabling franchisees to enforce it. See R&R at 11. Thus, the court **OVERRULES** the Defendant's objection to the recommendation regarding the application of the Franchise Rule.

In order for the Franchise Rule to be enforced against the Plaintiff, such enforcement must come from the FTC. See, e.g., Senior Ride Connection v. ITNAmerica, 225 F.Supp.3d 528, 531 n.1 (D.S.C. 2016) ("However, it is well-settled that there is no federal private right of action to enforce the Franchise Rule." (citation omitted)). Accordingly, an individual franchisee cannot invoke the Franchise Rule in order to obtain relief in a claim against a franchisor; simply put, franchisees cannot enforce the Franchise Rule.[4] Accordingly, the court **ADOPTS AND APPROVES** the Magistrate Judge's recommendation that the Defendant's Franchise Rule claims be dismissed with prejudice. See R&R at 12.

The Defendant also objects to the finding regarding the Defendant's claim that the Plaintiff failed to generate customers. See R&R at 12-13; Def. Objs. at 20, 24-25. Specifically, the Defendant states that the average H&R Block Office averaged more returns than the average Liberty Office. Def. Objs. at 24-25. However, this fact, even if presumed true, does not materially alter the Magistrate Judge's findings and recommendations regarding this claim. The court agrees with the Magistrate Judge, that the Defendant does not identify a

---

[4] To the extent the Defendant is attempting to allege a violation of the Franchise Rule, he must raise such an issue with the appropriate agency with the authority to enforce the Franchise Rule, the FTC.

provision of the franchise agreements that the Plaintiff allegedly breached, and that there is language to which the Defendant agreed stating that the Plaintiff does not guarantee success or customers. See R&R at 12-13. Accordingly, the court **OVERRULES** the Defendant's objection, and **ADOPTS AND APPROVES** the Magistrate Judge's recommendation that the Defendant's claim of failure to generate customers be dismissed without prejudice. See R&R at 13.

Third, the Defendant objects to the finding that the franchise agreements do not fail to provide any consideration. See R&R at 13-14; Def. Objs. at 20-22. The Defendant argues that consideration must be tangible, and that "Liberty Tax doesn't give you a damn thing!" Def. Objs. at 21-22. After making a de novo determination, the court agrees with the Magistrate Judge in finding that there is no requirement that consideration be an equal exchange. See R&R at 14; see also Neil v. Wells Fargo Bank, N.A., 596 F. App'x 194, 197 (4th Cir. 2014). Further, neither the Defendant's SAC nor objection contains an allegation that the Plaintiff did not fulfill any of its obligations as required by the franchise agreements, such as providing the Defendant with training, an operations manual, software, and support. R&R at 14 (citing Franchise Agreements at 6-8). Accordingly, the court **OVERRULES** the Defendant's objection and **ADOPTS AND APPROVES** the Magistrate Judge's recommendation that

the Defendant's lack of consideration claims be dismissed without prejudice. See R&R at 14.

The last of the Defendant's objections to the recommendations regarding the Defendant's breach of contract claims involves the implied covenant of good faith and fair dealing. See R&R at 14-16; Def. Objs. at 22. However, this objection raises no new allegations aside from those already addressed by the Magistrate Judge. See R&R at 14-16. Therefore, after making a de novo finding, the court **OVERRULES** this objection regarding the implied covenant of good faith and fair dealing and **ADOPTS AND APPROVES** the Magistrate Judge's recommendation that the Defendant's claims of a violation of the implied covenant of good faith and fair dealing be dismissed without prejudice. See R&R at 16.

### 6. Count II – "Fraud of the Franchise Agreement"

Count II of the Defendant's SAC is characterized by the Magistrate Judge as a claim of "Fraud of the Franchise Agreement." See SAC ¶¶ 38, 41-46, 51; R&R at 16-19. The Magistrate Judge finds that the Defendant does not state with particularity the time, place, contents, or identity of the person who allegedly fraudulently misrepresented aspects of the franchise, as required by Federal Rule of Civil Procedure 9(b). R&R at 18. The Defendant objects, stating that the Plaintiff "used false and fake numbers in the Disclosure Document's Item

14

19." Def. Objs. at 30. However, the Disclosure Document to which the Defendant refers has never been filed with the court. The Defendant has not provided the document as an attachment or exhibit, nor has he alleged how the figures in the document are false. Therefore, the Defendant fails to state a claim for relief with particularity. Accordingly, the court **OVERRULES** the Defendant's objection regarding this fraud claim and **ADOPTS AND APPROVES** the Magistrate Judge's recommendation that the Defendant's "fraud of the franchise agreement" claims be dismissed without prejudice. See R&R at 19.

### 7. Count III – "Fraud as a 'Legitimate' Business"

The Magistrate Judge characterizes Count III of the SAC as "Fraud as a 'Legitimate' Business." See R&R at 19-22. No objections were filed to section (a), "Fee Intercepts," or to section (b), Virginia Retail Franchising Act and Consumer Protection Act. Id. at 19-21. Accordingly, after reviewing the record for clear error on its face, the court hereby **ADOPTS AND APPROVES** the Magistrate Judge's recommendations that (1) the Defendant's "fee intercepts" claim be dismissed without prejudice, and (2) the Defendant's claims regarding both the Virginia Retail Franchising Act and the Virginia Consumer Protection Act be dismissed with prejudice. See R&R at 20-21.

The Defendant objects to the findings that an action under the Maryland Franchise Registration and Disclosure Law must be

15

brought within three (3) years after the grant of the franchise, and that the Defendant's first attempt to raise a claim under this statute was after the three (3) year statute of limitations ran. See R&R at 21-22; Def. Objs. at 6-7. Specifically, the Defendant alleges that the Plaintiff's three (3) year delay in terminating the franchise agreements constitutes fraud. Def. Objs. at 6-7. After making a de novo determination, the court **FINDS** that the Defendant has not alleged with sufficient specificity how this three (3) year period before the Plaintiff terminated the franchise agreements constitutes fraud. Therefore, the court **OVERRULES** the Defendant's objections and **ADOPTS AND APPROVES** the Magistrate Judge's recommendation that the Defendant's Maryland Franchise Registration and Disclosure Law claims be dismissed with prejudice.

Additionally, no objections were filed as to the recommendation that the Defendant's Maryland Consumer Protection Act claims be dismissed with prejudice. See R&R at 22. Accordingly, finding no error on the face of the record, the court **ADOPTS AND APPROVES** this recommendation.

### 8. Count IV - Violations

The Defendant raises one objection to the recommendations made in Count IV of the R&R. See R&R at 22-23. The Defendant alleges that the Plaintiff breached the franchise agreements by failing to advertise. Def. Objs. at 21-22. However, the

16

Defendant does not specify the contract provision allegedly breached by the Plaintiff's actions. See R&R at 23. Accordingly, after a de novo determination, the court **OVERRULES** this objection to the recommendation regarding the failure to advertise contract claim.

No objections were filed to the recommendation regarding a failure to advertise tort claim. The R&R states that any tort claim must be dismissed without prejudice, because in order to bring a tort claim in relation to a contract under Virginia law, the party must allege a breach of duty that is distinct from the duty that exists by virtue of the contract itself. R&R at 23. The court agrees with this conclusion, and hereby **ADOPTS AND APPROVES** the Magistrate Judge's recommendations that (1) any breach of contract claim relating to the Plaintiff's alleged failure to advertise be dismissed without prejudice, and (2) any tort claim based on a failure to advertise be dismissed without prejudice. See id.

### 9. Count V – "The System"

As to Count V of the R&R, the Magistrate Judge states that the Defendant failed to raise any claims for which relief can be granted. R&R at 23. No objections were raised as to this finding. The court agrees and **ADOPTS AND APPROVES** the recommendation that all allegations in this section of the SAC be dismissed without prejudice. See id.

### 10.  Count VI - "Omnibus & General Points"

As to Count VI of the R&R, the Magistrate Judge states that the Defendant has failed to provide any substantive allegations beyond listing definitions of legal terms. R&R at 24-25. No objections were raised as to this finding. The court agrees and **ADOPTS AND APPROVES** the recommendation that all allegations raised in this section of the SAC be dismissed without prejudice. See id.

### C. Motion to Stay Pending Arbitration

Because the Plaintiff's Motion to Dismiss is not granted with prejudice as to all of the Defendant's counterclaims, see supra Parts II.B.5, II.B.6, II.B.7, II.B.8, II.B.9 (dismissing the Defendant's counterclaims without prejudice), the court must address the Plaintiff's alternative motion to enforce the arbitration clauses of the franchise agreements, thereby staying the Defendant's counterclaims pending arbitration. See Pl. Mem. in Supp. at 3-5, ECF No. 89; see also ECF No. 1-5 at 21; ECF No. 1-6 at 23; ECF No. 1-7 at 23 (collectively the "Maryland addenda," which contain the arbitration clauses).

The R&R first states that the Defendant, while not directly attacking the arbitration clauses or the Maryland addenda, argues that the franchise agreements are unconscionable, and that he was fraudulently induced into signing them. See R&R at 27 (citing SAC ¶¶ 22-26, 41-46, 60). As stated in the R&R, "a

18

district court cannot adjudicate claims that an arbitration clause is unenforceable because the underlying contract is the result of fraud." Id. (citing Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-04 (1967); Hayes v. Delbert Servs. Corp., 811 F.3d 666, 671-72 (4th Cir. 2016); Sydnor v. Conseco Fin. Servicing Corp., 252 F.3d 302, 307 (4th Cir. 2001)). Further, even if the Defendant had directly attacked the arbitration clauses in the Maryland addenda as unconscionable, such an attack would fail. See R&R at 28 n.14.

The Defendant objects to this finding, stating that he was told he was required to sign the Maryland addenda, and that this experience shows the Plaintiff's abuse of power and unequal bargaining power. Def. Objs. at 7-8. After making a de novo finding, the court **OVERRULES** the Defendant's objections to the arbitration clause unconscionability findings, and **ADOPTS AND APPROVES** the Magistrate Judge's finding that the Defendant has not shown that the arbitration clauses in the Maryland addenda are unconscionable. See R&R at 28.

Additionally, the Defendant claims that the Maryland addenda were not originally part of the franchise agreements, perhaps suggesting that they may not be legitimate. Def. Objs. at 7-8 ("[T]he Maryland Addendum was 'slid into' the Franchise Agreement of the individuals from Maryland, after the fact."). However, the Defendant does not claim that the signatures

appearing just below the arbitration clauses in each of the Maryland addenda are not his own, nor that the Maryland addenda are otherwise inaccurate or falsified. Further, the Defendant acknowledges that he remembers the meeting during which the Maryland addenda were signed. See Def. Objs. at 7 ("At a District Meeting, we were told . . . that, 'You have to sign the Addendum.'").

Accordingly, the remainder of the Defendant's objections to the recommendation regarding the arbitration clauses of the Maryland addenda are **OVERRULED**. The court hereby **ADOPTS AND APPROVES** the Magistrate Judge's recommendation that the Plaintiff's alternative motion to stay the Defendant's counterclaims pending enforcement the arbitration clauses be granted in part, thereby finding the arbitration clauses of the Maryland addenda enforceable. See R&R at 28. However, because the court dismisses the Defendant's SAC, the Plaintiff's motion to stay the counterclaim is **DENIED AS MOOT**. To the extent the Defendant intends to pursue any of the counterclaims hereby dismissed without prejudice, he must raise those claims before an arbitrator, pursuant to the arbitration clauses of the Maryland addenda.

### III. CONCLUSION

The Plaintiff's Motion for Leave to File is **DENIED**. The court **ADOPTS AND APPROVES IN FULL** the Magistrate Judge's findings and recommendations regarding the Plaintiff's Motion to Dismiss. Accordingly, the Plaintiff's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. As outlined supra Part II.B, the Defendant's statutory claims as presented in the SAC are **DISMISSED WITH PREJUDICE**,[5] and the Defendant's remaining non-statutory claims are **DISMISSED WITHOUT PREJUDICE**.[6]

Further, the court **GRANTS IN PART** the Plaintiff's alternative motion to stay the Defendant's counterclaim, to the extent that the court **FINDS** the arbitration clauses of the Maryland addenda enforceable. However, because the SAC is **DISMISSED**, the Plaintiff's alternative motion to stay the Defendant's counterclaims is **DENIED AS MOOT**. The court **DIRECTS** the Defendant, to the extent he wishes to pursue those

---

[5] These claims are those brought pursuant to the Franchise Rule, the Virginia Retail Franchising Act, the Virginia Consumer Protection Act, the Maryland Franchise Registration and Disclosure Law, and the Maryland Consumer Protection Act.

[6] These claims are: breach of contract for failure to generate customers, failure to provide any consideration, breach of the implied covenant of good faith and fair dealing, fraud regarding the franchise agreements, fraud regarding the Plaintiff's "fee intercepts," breach of contract for failure to advertise, any tort claim based on a failure to advertise, claims raised in Count V entitled "The System," and claims raised in Count VI entitled "Omnibus and General Points."

counterclaims that have been dismissed without prejudice,[7] to raise such claims before an arbitrator, as detailed in the arbitration clauses of the Maryland addenda.

The Defendant is **ADVISED** that he may not appeal from this Memorandum Order, or from any other adverse order against him, see, e.g., Order, ECF No. 129, until entry of the Final Order in this case. See 28 U.S.C. § 1291; Fed. R. Civ. P. 54(b).

The Clerk shall forward a copy of this Memorandum Order to all parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief Judge

REBECCA BEACH SMITH
CHIEF JUDGE

March | , 2018

---

[7] See supra note 6.

22